Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000305
30-JAN-2026
08:04 AM
Dkt. 74 SO

NO. CAAP-23-0000305

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN RE APPLICATION TO SETTLE BOUNDARIES OF THE LAND OF
KAHUKU (PORTION), DISTRICT OF KAʻU, ISLAND OF HAWAIʻI
(S.P. NO. 3CSP-21-0000038)

AND

LANCE KEAWE WILHELM, ROBERT K.W.H. NOBRIGA, ELLIOT K. MILLS,
CRYSTAL KAUILANI ROSE, and JENNIFER NOELANI GOODYEAR-KAʻOPUA,
as Trustees of the Estate of Bernice Pauahi Bishop, doing
business as KAMEHAMEHA SCHOOLS, Plaintiffs-Appellees, v.
KEALIA RANCH LLC, a Hawaii limited liability company, ELIZABETH
LEE STACK, Personal Representative of the Estate of Elizabeth
Marks Stack, aka Elizabeth M. Stack, aka Elizabeth Stack,
Defendants-Appellants, and DOE DEFENDANTS 1-100, Defendants
(CIVIL NO. 3CCV-21-0000154)

APPEALS FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, and Wadsworth and McCullen, JJ.)

This appeal stems from a dispute over the common
boundary of adjoining lands in South Kona between
Petitioner/Defendant-Appellant Kealia Ranch LLC (**Kealia Ranch**)
and Respondents/Plaintiffs-Appellees Lance Keawe Wilhelm, Robert
K.W.H. Nobriga, Elliot K. Mills, Crystal Kauilani Rose, and
Jennifer Noelani Goodyear-Kaʻopua, as Trustees of the Estate of
Bernice Pauahi Bishop, doing business as Kamehameha Schools
(**Trustees**).  Kealia Ranch appeals from the March 24, 2023
"Findings of Fact, Conclusions of Law and Order Granting [the
Trustees'] Motion to Dismiss, or for Summary Judgment on,

Petition to Complete Work of Rufus A. Lyman, Sole Commissioner of Boundaries, Island of Hawaii, as to the Boundary of Kahuku (Portion), District of Kaʻu, Island of Hawaii Filed on August 2, 2021" (**MSJ Order**) and the March 24, 2023 "Final Judgment" (**Judgment**) entered in the Circuit Court of the Third Circuit (**Circuit Court**).[1]

On appeal, Kealia Ranch contends that the Circuit Court erred in several respects in dismissing Kealia Ranch's petition, filed pursuant to Hawaii Revised Statutes (**HRS**) Chapter 664, Part I, seeking to have the Circuit Court, "acting as the successor Commissioner of Boundaries," complete the notes of survey prepared by D.H. Hitchcock in the 1870's and issue "a corrected certificate of boundaries for Kahuku (portion) . . . ."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Kealia Ranch's contentions as follows, and affirm.

## I. Background

The ahupuaʻa in South Kona known as Kahuku, Kealia 1st and Kealia 2nd are adjoining lands that share a common boundary. The Trustees own Kealia 1st and Kealia Ranch owns Kealia 2nd.

On June 2, 2021, the Trustees filed a complaint against Kealia Ranch and others in the Circuit Court, Civil No. 3CCV-21-0000154 (the **Civil Action**), alleging that the Trustees and Kealia Ranch dispute the location of the common boundary between Kealia 1st and Kealia 2nd, and seeking declaratory relief to determine the location of the boundary.

On August 2, 2021, Kealia Ranch filed a separate petition in the Circuit Court pursuant to HRS Chapter 664, Part I (**Petition**), initiating this case, Special Proceeding No. 3CSP-21-0000038 (the **Boundary Petition Proceeding**). The Civil Action and the Boundary Petition Proceeding were consolidated, at least for purposes of hearings, by the Circuit Court's April 19, 2022 order, which consolidation was later terminated by the MSJ

---

[1] The Honorable Robert D.S. Kim presided.

Order.

In summary, the Petition alleged as follows:

a. "[T]he owners of the ahupua'a of Kahuku, Kealia 1st and Kealia 2nd in South Kona, Island of Hawaii submitted separate applications to the Commissioner of Boundaries requesting that he determine and settle the boundaries of the ahupua'a of Kahuku, Kealia 1st and Kealia 2nd."

b. "[T]he ahupua'a of Kahuku (portion), Kealia 1st and Kealia 2nd . . . are adjoining lands."

c. "Between 1873 and 1876, Rufus A. Lyman, the sole Commissioner of Boundaries for the Island of Hawaii, conducted hearings, engaged in field investigations, heard testimony from many witnesses, received correspondence from interested persons and reviewed the maps and notes of survey that D. H. Hitchcock, surveyor, had prepared for said applications."

d. On February 17, 1876, D. H. Hitchcock testified before the Commissioner of Boundaries that he would change his notes of survey relating to the common boundaries of Kahuku, Kealia 1st and Kealia 2nd.

e. "In his testimony of February 17, 1876, D. H. Hitchcock did not explain the substance of the 'change' that he proposed to make to his original notes of survey . . . ."

f. "[O]n February 23, 1876, one week after the close of testimony, the Commissioner of Boundaries Rufus A. Lyman announced his decision on the boundaries of Kahuku" which provided that the "Certificate of Boundaries [for Kahuku] to be issued as of today as soon as corrected notes of survey are filed." (Emphasis omitted.)

g. "The records of the Commissioner of Boundaries Rufus A. Lyman do not contain any corrected notes of survey that D.H. Hitchcock might have prepared, as he testified that he would do; nor do the records of the State Surveyor, State of Hawaii contain any such corrected notes of survey."

h. "The certificate of boundaries that the Commissioner of Boundaries Rufus A. Lyman thereafter issued for Kahuku on February 23, 1876, the same day of his decision, contains a course, presumably based on D. H. Hitchcock's original and

3

uncorrected notes of survey filed on February 17, 1876 . . . ."

        i.  "[Kealia Ranch] is an owner of Kealia 2nd, the boundaries of which are affected by the notes of survey and certificate of boundaries for Kahuku (portion) . . . ."

        j.  The Trustees are the owners of Kealia 1st.

The Petition did not allege that Kealia Ranch owns Kahuku or the affected portion of Kahuku.

The Petition requested in relevant part that the Circuit Court, "acting as the successor Commissioner of Boundaries" pursuant to HRS Chapter 64, Part I:

        a.  "Determine that the original notes of survey that D. H. Hitchcock had prepared for Kahuku should be changed or corrected in the manner that D. H. Hitchcock had described in his testimony before the Commissioner of Boundaries Rufus A. Lyman on February 17, 1876 and as the Commissioner of Boundaries had stated in his decision of February 23, 1876;"

        b.  "Prepare and issue the corrected notes of survey and thereafter a corrected certificate of boundaries for Kahuku (portion), *nunc pro tunc*;" and

        c.  "Review and correct the notes of survey and certificate of boundaries for Kealia 1st and Kealia 2nd that the Commissioner of Boundaries Rufus A. Lyman had heard concurrently with the application for Kahuku to the extent they may be affected by the corrected notes of survey and certificate of boundaries for Kahuku (portion)[.]"

On August 1, 2022, the Trustees filed a motion to dismiss, or for summary Judgment on, the Petition (**MSJ**).  In response, Kealia Ranch filed objections to the MSJ.

Following a September 30, 2022 hearing, the Circuit Court entered a February 7, 2023 Minute Order granting the MSJ and instructing the Trustees to prepare a written order.

On March 24, 2023, the Circuit Court entered the MSJ Order and the Judgment.  The MSJ Order included the following

4

relevant FOFs:[2/]

> 3.  [Kealia Ranch] does not own Kahuku or the portion of Kahuku affected by the Petition.
>
> 4.  Certificate of Boundaries No. 85 [**(Certificate No. 85**)] was issued for Kahuku on February 23, 1876.
>
> 5.  Certificate of Boundaries Nos. 96 and 97 were issued for Kealia 1st and Kealia 2nd, respectively, on June 14, 1876.
>
> 6.  Land Commission Award No. 5368 and Royal Patent No. 7723 were awarded and issued for Kealia 1st.
>
> 7.  Land Commission Award No. 7716 and Land Patent No. 8128 were awarded and issued for Kealia 2nd.
>
> 8.  The boundaries of Kealia 1st are described by survey in Royal Patent No. 7723.
>
> 9.  The boundaries of Kealia 2nd are described by survey in Land Patent No. 8128.
>
> . . . .
>
> 12.  [HRS §] 664-6 . . . provides in pertinent part as follows:
>
>> All owners of ahupuaas and portions of ahupuaas, ilis, and portions of ilis and other denominations of lands within the State, whose lands have not been awarded by the land commissioners, patented or conveyed by deed from the king or government, by boundaries decided in such award, patent, or deed, may file with the commissioner of boundaries for the circuit in which the land is situated, an application to have the boundaries of the land decided and certified to by the commissioner or the commissioner's successor in office.
>
> 13. The duties and decision of the commissioner of boundaries are set forth in HRS § 664-7 which provides in pertinent part as follows:
>
>> Upon giving a decision, the commissioner shall therein describe the boundaries decided on by survey by natural topographical features, or by permanent boundary marks, or partly by each; and the commissioner shall have the power to order such surveys and marks to be made or erected as the commissioner may consider necessary, at the expense of the parties in interest, but the commissioner shall in no case alter any boundary described by survey in any patent or deed from the king or government, or in any land commission award.

---

[2/]     The MSJ Order does not state that matters outside the pleadings were excluded.  We therefore review the order as a ruling on summary judgment.  See Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b)(6); Andrade v. Cnty. of Hawaiʻi, 145 Hawaiʻi 265, 268-70, 451 P.3d 1, 4-6 (App. 2019).  A circuit court deciding a motion for summary judgment does not generally make factual findings.  Where appropriate, we consider the Circuit Court's FOFs to be statements of the uncontroverted facts.

14. An appeal of a decision of the commissioner of boundaries is governed by HRS § 664-8 which provides as follows:

Any party aggrieved by the decision of the commissioner of boundaries may appeal therefrom to the intermediate appellate court, subject to chapter 602, within thirty days from the rendition of the decision, and within the period shall pay all costs accrued and shall pay or deposit costs for appeal as provided in sections 607-5, 607-6, and 607-7; provided that any land owner absent from the State and not represented by an authorized agent within the State shall have the right of appeal for one year from the rendition of the decision.

15. Pursuant to HRS § 664-10, the Hawaii Rules of Civil Procedure apply to boundary application proceedings, except to the extent that the rules are inconsistent with the provisions of Part I of HRS Chapter 664.

Based on these FOFs,[3/] the Circuit Court concluded in COLs 2 through 6 as follows:

2. [Kealia Ranch] has no standing to bring the Petition under HRS § 664-6 as [Kealia Ranch] does not own Kahuku or the portion of Kahuku affected by the Petition.

3. Even if [Kealia Ranch] has standing to bring the Petition under HRS § 664-6, the Court, acting as commissioner of boundaries under Part I of HRS Chapter 664, does not have the authority to grant the relief sought by the Petition as the Court cannot "alter any boundary described by survey in any patent or deed from the king or government, or in any land commission award" under HRS § 664-8, the boundaries for Kealia 1st and Kealia 2nd are described by survey in Royal Patent No. 7723 and Land Patent No. 8128, respectively, and the Court therefore cannot alter or amend the boundary for Kahuku to the extent that such alteration or amendment conflicts with the established and immovable boundaries of Kealia 1st and Kealia 2nd.

4. In addition, it is a factual impossibility for the Court, acting as commissioner of boundaries under Part I of HRS Chapter 664, to "complete the corrected notes of survey" of D. H. Hitchcock as requested in the Petition if the substance of the change to the original notes of survey are not known and the corrected notes of survey either do not exist or cannot be located as alleged in the Petition.

5. To the extent that the Petition seeks to reopen the proceedings under the boundary application submitted for Kahuku, Certificate of Boundaries No. 85 issued for Kahuku on February 23, 1876 which describes the boundaries of Kahuku "by survey by natural topographical features or by permanent boundary marks, or partly by each", constitutes the binding decision of Commissioner of Boundaries Rufus A. Lyman under HRS § 664-7.

6. The thirty (30) day period (or the one (1) year period to the extent the owner of Kahuku was absent from the State when the decision was entered) to appeal the decision

---

[3/] FOFs 13 through 15 are actually conclusions of law.

set forth in Certificate of Boundaries No. 85 has long since expired and there are no grounds or basis under Rule 60 of the Hawaii Rules of Civil Procedure or otherwise to alter or amend the boundaries for Kahuku set forth in Certificate of Boundaries No. 85 or to reopen the boundary application proceedings for Kahuku after almost 150 years.

On appeal, Kealia Ranch contends that the Circuit Court erred in:  (1) concluding that Kealia Ranch lacked standing (and relatedly entering FOF 3 and COL 2); (2) concluding that granting relief to Kealia Ranch would "lead to the alteration or amendment of the boundary certificates and land patents for Kealia 1st and Kealia 2nd" (and entering FOFs 6 through 9 and COL 3); (3) concluding that "Boundary Certificate No. 85 for Kahuku is final and cannot be challenged[,]" (and entering COLs 5 through 6); (4) concluding that Kealia Ranch was not entitled to relief under HRCP Rule 60(a) or "judicial precedent" (and entering COL 6); (5) concluding that it was "factually impossible" to correct survey notes or "complete the commissioner's work" (and entering COL 4); and (6) entering the Minute Order and the Judgment based on erroneous FOFs and COLs.

## II. Discussion

We review the Circuit Court's grant of summary judgment de novo.  See supra note 2; Andrade, 145 Hawaiʻi at 269, 451 P.3d at 5.

At the outset, Kealia Ranch contends the Circuit Court erred in concluding that under HRS § 664-6, "Kealia Ranch had to own a portion of Kahuku in order to seek relief" and therefore lacked standing to file the Petition.  Kealia Ranch argues that its ownership of Kealia 2nd is undisputed and Certificate No. 85 (for Kahuku) affects Kealia 2nd's boundaries.  Relying on Sierra Club v. Hawaii Tourism Auth., 100 Hawaiʻi 242, 250-51, 59 P.3d 877, 885-86 (2002), Kealia Ranch asserts that its property rights as an adjoining landowner "are affected by the commissioner's inaction, which gives [it] standing."

In Tax Found. of Hawaiʻi v. State, 144 Hawaiʻi 175, 439 P.3d 127 (2019), the supreme court stated:

> In Hawaiʻi state courts, standing is a prudential consideration regarding the "proper – and properly limited – role of courts in a democratic society" and is not an issue

of subject matter jurisdiction, as it is in federal courts. Importantly, <u>this court has repeatedly ruled that standing requirements may be tempered, or even prescribed, by legislative declarations of policy. Therefore, standing requirements can differ based on legislative enactments</u>.

<u>Id.</u> at 188, 439 P.3d at 140 (footnote omitted, emphasis added); <u>see</u> <u>Alpha, Inc. v. Bd. of Water Supply</u>, 154 Hawaiʻi 486, 491, 555 P.3d 173, 178 (2024) ("standing often depends on statutes" (citing and quoting <u>Tax Found.</u>)).

The relevant statute here is one in which standing requirements have been prescribed by legislative declaration. HRS § 664-6 (2016), quoted <u>supra</u>, provides that "<u>owners</u> of ahupaas and portions of ahupaas, ilis, and portions of ilis and other denominations of lands within the State . . . may file with the commissioner of boundaries for the circuit in which <u>the land</u> is situated, an application to have the boundaries of <u>the land</u> decided and certified to by the commissioner . . . ." (Emphases added.) The plain language of the statute distinguishes the applicant owner's "land" from "adjoining land or lands[.]" <u>Id.</u> ("The application shall state the name of <u>the land</u>, the names of the <u>adjoining land or lands</u>, and the names of the owners of the same where known . . . ." (emphases added)). Thus, under HRS § 664-6, only owners of the subject land whose boundaries are to be decided and certified may file the application prescribed by that statute. <u>See also</u> <u>In re Boundaries of Paunau</u>, 24 Haw. 546, 554-55 (1918) (Haw. Terr.) (construing similar predecessor statute: "[T]he right to file a petition for the purpose of having boundaries decided and certified was conferred only upon the owner of the land to be dealt with.").

The Circuit Court stated in FOF 3 that "[Kealia Ranch] does not own Kahuku or the portion of Kahuku affected by the Petition." Although Kealia Ranch purports to challenge FOF 3, it did not allege in the Petition that it owned any part of Kahuku and presents no argument on appeal explaining how specific facts create a genuine issue of material fact as to FOF 3. <u>See</u> Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived."). Kealia Ranch merely asserts that its property rights as an <u>adjoining</u> landowner "are affected by the commissioner's inaction[.]" However, the plain language of HRS

8

§ 664-6 authorizes only the owner of Kahuku, not adjoining landowners, to file an application to have the boundaries of Kahuku decided.[4/]  The Circuit Court did not err in concluding that Kealia Ranch did not meet the statutory requirements for filing such an application.

Kealia Ranch asserts elsewhere in its opening brief that "[it] is not initiating a NEW boundary application[,]'" but "simply wants to have the commissioner's unfinished work completed."  The Petition, however, does not state that Kealia Ranch is attempting to reopen, and to challenge or otherwise oppose in part, the original application in the original boundary proceeding for Kahuku.  In any event, it would be too late to do so.  As reflected in FOF 4, which Kealia Ranch does not dispute, the commissioner of boundaries issued Certificate No. 85 for Kahuku on February 23, 1876.  Kealia Ranch's predecessor-in-interest had 30 days from the commissioner's decision to appeal from it (or one year if absent from the Hawaiian Kingdom and not represented by an authorized agent), but failed to do so.  See An Act to Facilitate the Settlement of Boundaries, by the Appointment of Commissioners, and Extend the Term of the Commission of Boundaries, Established by an Act Approved 23d August, 1862, § 6, in Compiled Laws of the Hawaiian Kingdom (as Statutes of 1868) at 530 (Lawrence McCully ed., 1884)[5/] (predecessor statute to HRS § 664-8, quoted supra).  The Circuit

---

[4/]     Kealia Ranch's apparent reliance on Sierra Club's "injury-in-fact" test is misplaced in this context, where the legislature has prescribed standing requirements.  Cf. Alpha, Inc., 154 Hawaiʻi at 491, 555 P.3d at 178 ("Tax Foundation held that the common law 'injury in fact' test does not apply to declaratory judgment plaintiffs under HRS Chapter 632, because that test conflicts with the legislature's intent in enacting Chapter 632 (citing Tax Found., 144 Hawaiʻi at 188-89, 439 P.3d at 140-41)).

[5/]     Section 6 of the 1868 statute stated:

> Any party deeming himself aggrieved by the decision of any Commissioner of Boundaries, may appeal therefrom to the circuit court of the island on which such hearing is had, or the Supreme Court; . . . *provided, however*, that any party desirous of so appealing shall give notice of the same to the commissioner within thirty days after the rendition of his decision, and paying the costs already incurred, and depositing a bond for costs, as required on appeals to the Supreme Court in civil cases; *and further provided*, that any land-owner absent from the Kingdom, and not represented by an authorized agent within the Kingdom, shall have the right of appeal for one year from the rendition of said decision.

Court was therefore correct in concluding that Certificate No. 85 constituted a binding decision of the commissioner, and the period to appeal the decision set forth in Certificate No. 85 has long since expired.[6]

Given our disposition, we need not reach Kealia Ranch's remaining contentions.

For the reasons discussed above, the MSJ Order and the Judgment, entered on March 24, 2023, in the Circuit Court of the Third Circuit are affirmed.

DATED:  Honolulu, Hawaiʻi, January 30, 2026.

On the briefs:

Michael J. Matsukawa
for Petitioner/Defendant-
Appellant Kealia Ranch, LLC.,
a Hawaii limited liability
company

Edmund W.K. Haitsuka and
Danielle N. Degele
(Haitsuka Degele LLP)
for Respondents/Plaintiffs-
Appellees.

/s/ Karen T. Nakasone
Chief Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Sonja M.P. McCullen
Associate Judge

---

[6]    Further, HRCP Rule 60(a) does not apply in these circumstances, where, among other things, the requested change to Certificate No. 85 is substantive in nature.  See Thomas-Yukimura v. Yukimura, 130 Hawaiʻi 1, 7-8, 304 P.3d 1182, 1188-89 (2013).